UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON JOVAN HILL,<br><br>　　Petitioner<br><br>v.<br><br>THE STATE OF NEVADA,<br><br>　　Respondent. | Case No.: 2:23-cv-01221-GMN-MDC<br><br>Order Granting Motion to Dismiss and Dismissing Petition without Prejudice and with Leave to Amend<br><br>(ECF No. 11) |

In his *pro se* 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus Brandon Jovan Hill challenges his conviction for several counts, including first-degree murder, alleging that his trial counsel was ineffective. (ECF No. 9.) Respondents have filed a Motion to Dismiss the Petition. (ECF No. 11.) As discussed below, the Court grants the motion and dismisses the Petition without prejudice and with leave to amend.

**I.	Background**

In February 2015, a jury in Eighth Judicial District Court (Clark County), Nevada, convicted Hill of First Degree Murder with Use of a Deadly Weapon, two counts of Robbery with Use of a Deadly Weapon, and two counts of Grand Larceny Auto. (Exh.

125.)[1]  Hill was found guilty of robbing an unarmed security guard and stealing his car and shooting and killing a second victim and stealing his car. (*See* Exh. 113 at 107-116.)  The state district court sentenced Hill to an aggregate sentence of life in prison with the possibility of parole after 20 years. (Exh. 132.)  Judgment of Conviction was entered on May 14, 2015. (Exh. 137.)  The Nevada Supreme Court affirmed Hill's conviction in May 2017. (Exh. 164.)  That court affirmed the denial of his state postconviction habeas petition in part, reversed in part, and remanded for an evidentiary hearing on whether Hill's trial counsel was ineffective for conceding guilt during closing arguments without Hill's consent. (Exh. 219.)  After the evidentiary hearing, the Nevada Court of Appeals affirmed the denial of the state petition. (Ex. 245.)

Hill dispatched his federal habeas petition for mailing about August 2023.  He raises that same claim as the single ground:

> Ground 1: Hill's trial counsel was ineffective for conceding his guilt during closing arguments without Hill's consent.

(ECF No. 9 at 15.)

Respondents now move to dismiss the Petition on the basis that the claim is conclusory. (ECF No. 11.)  Hill did not respond to the motion in any way.[2]

**II.    The Petition is Dismissed with Leave to Amend**

In federal habeas proceedings, notice pleading is not sufficient.  Mere conclusions of violations of federal rights without specifics do not state a basis for

---

[1] Exhibits referenced in this order are exhibits to Respondents' Motion to Dismiss, ECF No. 11, and are found at ECF Nos. 12-16, 18.

[2] Local Rule 7-2(b) provides that the failure of an opposing party to file points and authorities in response to a motion constitutes consent to granting the motion.

federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); Rule 2(c), Rules Governing Section 2254.[3] A petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, (Advisory Notes, 1976 Adoption); *Davis v. Woodford*, 384 F.3d 628, 650 (9th Cir. 2004). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *Schlette v. California*, 284 F.2d 827, 833-834 (9th Cir. 1960). The Court may summarily dismiss a petition if the allegations are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citations and internal quotations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (discussing Rule 4 as a basis for dismissal).

Here, Hill provides no facts to support his claim. He alleges only: "when I went to trial, my trial attorney conceded my guilt to the jury without my consent and despite the fact that I had entered a plea of not guilty." (ECF No. 9 at 5.) Even construing his *pro se* pleading liberally, there are no specific facts whatsoever to state a basis for federal habeas relief. The Court, therefore, grants the unopposed Motion to Dismiss the Petition as vague and conclusory. However, the Court dismisses the Petition without prejudice and with leave to file an amended petition that sets forth specific but concise facts in support of Hill's ineffective assistance of trial counsel claim.

---

[3] Rule 2(c) provides that a petition must specify each ground for relief and state the facts supporting each ground.

### III. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss **(ECF No. 11) is GRANTED**. The Petition is **DISMISSED without prejudice and with leave to amend**.

It is further ordered that Petitioner has **45 days** from the date this Order is entered within which to file an Amended Petition as described in this Order. If Petitioner files an Amended Petition, the Court will then issue a Scheduling Order for a response.

DATED: 27 February 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE