# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON JOVAN HILL,<br><br>   Petitioner<br><br>v.<br><br>THE STATE OF NEVADA,<br><br>   Respondent. | Case No.: 2:23-cv-01221-GMN-MDC<br><br>**Order Denying Motion for Appointment of Counsel**<br><br>(ECF No. 23) |

In his *pro se* 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus Brandon Jovan Hill challenges his conviction for several counts, including first-degree murder, alleging that his trial counsel was ineffective. (ECF No. 9.) The Court granted Respondents Motion to Dismiss the Petition on the basis that the single claim was conclusory with no factual allegations to support it.[1] (ECF No. 21.) The Court dismissed the Petition without prejudice and with leave to amend. (*Id.*)

Hill has now filed a Motion for Extension of Time to file an amended petition as well as a Motion for Appointment of Counsel. (ECF Nos. 23, 24.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327,

---

[1] Hill did not file an opposition or otherwise respond to the Motion to Dismiss.

336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Here, Hill is serving a sentence of 20 years to life for murder, robbery, and grand larceny. (Exh. 125.)[2] The Court dismissed his Petition with leave to amend because the single claim—that Hill's trial counsel was ineffective for conceding his guilt during closing arguments without Hill's consent—was conclusory and devoid of any factual allegations to support it. (ECF No. 9 at 15.) The Court notes that the state courts rejected this claim after an evidentiary hearing. (Exhs. 223, 224, 229, 245.) The Court concludes that counsel is not warranted here. However, the Court will grant Hill's motion for an extension to amend and give Hill a final opportunity to file an amended petition that sets forth specific but concise facts in support of his ineffective assistance of trial counsel claim.

It is therefore ordered that Petitioner's Motion for Counsel **(ECF No. 23) is DENIED**.

It is further ordered that Petitioner's Motion for Extension of Time to File an Amended Petition **(ECF No. 24) is GRANTED.** Petitioner has **45 days** from the date

---

[2] Exhibits referenced in this order are exhibits to Respondents' Motion to Dismiss, ECF No. 11, and are found at ECF Nos. 12-16, 18.

this Order is entered within which to file an Amended Petition as described in this Order. If Petitioner files an Amended Petition, the Court will then issue a Scheduling Order for a response. If Petitioner does not file an Amended Petition the Court will dismiss this habeas action without prejudice and without further prior notice.

DATED: 3 June 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE