UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON JOVAN HILL,<br><br>　　Petitioner<br><br>v.<br><br>THE STATE OF NEVADA,<br><br>　　Respondent. | Case No.: 2:23-cv-01221-GMN-MDC<br><br>**Order Setting Briefing Schedule** |

　　The Court previously granted Respondents' Motion to Dismiss Brandon Jovan Hill's *pro se* 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (ECF No. 21). The Petition was dismissed with leave to file an amended petition. Hill has now filed a First-Amended Petition (ECF No. 28). The Court therefore sets a briefing schedule.

　　It is therefore Ordered that Respondents file a response to the First-Amended Petition (ECF No. 28), including potentially by Motion to Dismiss, within **60 days** of service of the Petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the Local Rules. Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further Ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated Motion to Dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive Motions to Dismiss or embedded in the Answer. Procedural defenses omitted from such Motion to Dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single Motion to Dismiss not in the Answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an Answer. All procedural defenses, including exhaustion, instead must be raised by Motion to Dismiss.

It is further Ordered that, in any Answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further Ordered that Petitioner has **45 days** from service of the Answer, Motion to Dismiss, or other response to file a Reply or Opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the Local Rules.

DATED: 21 October 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE