UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDON JOVAN HILL,

    Petitioner,

    v.

MANUEL PORTILLO, *et al.*,

    Respondents.

Case No. 2:23-cv-01221-GMN-MDC

**ORDER**

## I.    Summary

This habeas corpus action is brought *pro se* under 28 U.S.C. § 2254 by Brandon Jovan Hill, an individual incarcerated at Nevada's Southern Desert Correctional Center. The respondents move to dismiss the one claim in Hill's amended habeas petition, arguing that it is barred by the statute of limitations.  As is explained below, the Court denies the motion to dismiss.

## II.    Background

After a jury trial in February 2015, Hill was convicted in Nevada's Eighth Judicial District Court (Clark County) of first-degree murder with use of a deadly weapon, robbery with use of a deadly weapon, grand larceny auto, and carrying a concealed weapon; those charges resulted primarily from an armed robbery of an automobile in March 2011, during which the victim of the robbery was killed. ECF No. 14-37 (judgment of conviction); *see also* ECF No. 14-13 at 105–23 (State's opening statement). Hill was sentenced, for the murder, to life in prison with the possibility of parole after twenty years, plus a consecutive term of eight to twenty years for the use of a deadly weapon; he was sentenced to lesser concurrent sentences for the other crimes. ECF No. 14-37. The judgment of conviction was filed on May 14, 2015. *Id*.  Hill appealed, and the Nevada Supreme Court affirmed his conviction on May 25, 2017. ECF No. 15-14.

1

On March 19, 2018, Hill filed a *pro se* post-conviction petition for writ of habeas corpus in the state district court. ECF No. 15-36.  Counsel was appointed for Hill, and appointed counsel filed supplemental briefing in support of the petition. *See* ECF No. 15-46.  One of the claims asserted in that petition was that Hill's trial counsel "was ineffective because he conceded [Hill's] guilt without [his] consent." *Id* at 3; *see also id*. at 11–14.  The court held oral argument on May 6, 2019, and denied Hill's petition at the conclusion of that hearing. ECF No. 15-50.  The court filed a written order denying Hill's petition on June 4, 2019. ECF No. 203.  Hill appealed, and on March 26, 2021, the Nevada Supreme Court reversed in part and remanded the case to the district court for an evidentiary hearing addressing the factual issue whether Hill objected to the concession of his guilt. ECF No. 16-19.  The district court held the evidentiary hearing on December 9, 2021, and February 24, 2022, and entertained oral argument on the issue on May 16, 2022. ECF Nos. 16-23, 16-24, 16-26.  The district court again denied Hill's habeas petition in a written order entered on June 23, 2022. ECF No. 16-29.  Hill appealed, and the Nevada Court of Apppeals affirmed on April 21, 2023. ECF No. 16-45.  The remittitur was filed on May 16, 2023. ECF No. 16-46.

Hill then initiated this federal habeas corpus action.  This Court received his *pro se* habeas petition for filing on August 2, 2023. ECF No. 9.  Hill states in the petition that he mailed it to the Court on July 30, 2023. *Id*. at 15. The petition included one claim: his claim that his trial counsel was ineffective for conceding his guilt without his consent. *Id*. at 5 ("When I went to trial, my trial attorney conceded my guilt to the jury without my [consent] and despite the fact that I had entered a plea of not guilty.").

The respondents filed a motion to dismiss on July 18, 2024, arguing that Hill's claim was inadequately pled because Hill did not provide sufficient facts to support the claim. ECF No 11.  On February 27, 2025, the Court granted the motion to dismiss, without prejudice and with leave to amend. ECF No. 21.

Hill then filed his amended petition on September 19, 2025. ECF No. 28.  In his amended petition—his operative petition—Hill again asserts, as his only claim, the claim

that his "[d]efense counsel was ineffective under *Strickland* because he conceded his client's guilt without the defendant's consent." *Id*. at 2 (referring to *Strickland v. Washington*, 466 U.S. 668 (1984)).

On November 18, 2025, Respondents filed the motion to dismiss that is now before the Court. ECF No. 31. Respondents argue in the motion that Hill's one claim for habeas corpus relief is barred by the statute of limitations.  On January 5, 2026, Hill filed a document titled "Motion to Strike Motion to Dismiss/Motion for More Statement." ECF No. 32.  The Court denies that motion to the extent Hill requests that the motion to dismiss be stricken and that the respondents be required to file a more specific motion to dismiss; however, the Court treats Hill's filing as an opposition to the motion to dismiss and takes it into consideration in ruling on the motion to dismiss.  On January 8, 2026, Respondents filed an opposition to Hill's January 5, 2026, filing; the Court treats that as a reply in support of the motion to dismiss.

**III.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) includes a one-year statute of limitations for federal habeas petitions brought by state prisoners under 28 U.S.C. § 2254. 28 U.S.C. § 244(d)(1).  The one-year limitations period begins to run from the latest of four possible triggering dates, the most common being the date on which the petitioner's state court conviction became final, by either the conclusion of direct appellate review or the expiration of time for seeking such review. *Id*.  "[T]he process of direct review ... includes the right to petition [the United States Supreme Court] for a writ of certiorari." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  The limitations period is tolled while a "properly filed" state post-conviction action or other collateral review proceeding is pending. 28 U.S.C. § 2244(d)(2).  The limitations period resumes when the post-conviction judgment becomes final upon issuance of the state appellate court's remittitur. *Jefferson v. Budge*,419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  Under Federal Rule of

Civil Procedure 15(c), the petitioner may include an otherwise untimely claim in an amended habeas petition if it relates back to a claim in a timely filed petition.  A claim relates back if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out" in the earlier petition. Fed. R. Civ. P. 15(c)(1)(B).  In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court explained that Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted).

In this case, the judgment of conviction was filed on May 14, 2015. ECF No. 14-37.  The Nevada Supreme Court affirmed the judgment of conviction on May 25, 2017. ECF No. 15-14.  The AEDPA limitations period commenced to run 90 days later, on August 23, 2017, upon the expiration of the time for Hill to file a petition for certiorari in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see also* U.S. Sup. Ct. Rule 13.  208 days ran against the limitations period before Hill filed his state habeas petition on March 19, 2018, tolling the limitations period under 28 U.S.C. § 2244(d)(2). *See* ECF No. 15-36.  That statutory tolling lasted until May 16, 2023, when the remittitur was filed following the affirmance of the denial of the state habeas petition. *See* ECF No. 16-46.  Another 75 days ran against the limitations period before July 30, 2023, when Hill mailed his original federal habeas petition to be filed in this Court.  Hence, a total of 283 days ran against the one-year AEDPA limitations period before Hill initiated this federal habeas corpus action.  His original petition was therefore timely.  However, the remaining 82 days of the AEDA limitations period ran out on October 20, 2023, long before Hill filed his amended petition on September 19, 2025.  So, Hill's original petition was filed well before the limitations period expired, but his amended petition was filed after the limitations period expired. This much is not disputed by the respondents. *See* ECF No. 31 at 4–5.

Respondents contend, though, that the claim in Hill's amended petition does not relate back to the claim in his timely-filed original petition. *Id*. at 5–6.  Respondents argue that, in his amended petition, Hill has added allegations that prevent the claim from relating back to the original petition under *Mayle*. *Id*. at 6.  Specifically, Respondents argue that in his amended petition "Hill now alleges: "(1) trial counsel conceded defendant's guilt to first-degree murder to avoid the death penalty; (2) trial counsel informed Hill that if he did not agree with his trial strategy he could raise that claim in postconviction; (3) Hill did not object to the concession in court; and (4) the trial court never canvassed Hill regarding the concession." *Id.* (citing ECF No. 28 at 2–6). Respondents argue: "Since Ground 1 of the original petition was not supported with any of these facts, none of the facts in the amended petition relate back to the original petition." *Id*. at 6.

The Court finds Respondents' argument to be without merit. In the Court's view, the core fact in the claim as asserted in both Hill's original petition and his amended petition is that Hill's trial counsel conceded his guilt without his consent.  The additional allegations added by Hill in the amended petition—which, incidentally, Hill included after Respondents argued in their first motion to dismiss that the claim was conclusory— added explanation and context to the claim but did not constitute different core facts. The core alleged fact remains the same in the amended petition.  The claim in the amended petition relates back, under *Mayle*, to the claim in the original petition. Therefore, the claim in the amended petition is not time-barred. Respondents' motion to dismiss fails.

///

///

///

///

///

///

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike Motion to Dismiss/Motion for More Statement (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have 60 days from the date of this order to file an answer to Petitioner's amended petition for writ of habeas corpus. Petitioner will then have 45 days to file a reply.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), and as requested by Respondents (ECF No. 31 at 6), Manuel Portillo is substituted for the State of Nevada as the respondent. The Clerk of Court is kindly directed to update the docket to reflect this change.

DATED THIS ___1___ day of _____June_____, 2026.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

6